UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

      v.                                        Cr. No. 07-351 (TFH)

JAMIE PEREZ-ACEVEDO,

      Defendant.

## REPORT AND RECOMMENDATION

On January 16, 2001, the Honorable William Fremming Nielsen, of the United States District Court for the Eastern District of Washington, sentenced the defendant to 63 months of imprisonment, to be followed by three years of supervised release to expire on July 14, 2008.

Supervision was transferred to this Court but on August 5, 2006, defendant was apprehended in Washington D.C., when, after a traffic stop, the defendant admitted that he was in the country illegally. Those events ultimately led to the defendant's pleading guilty in this Court before the Honorable Royce C. Lamberth, to Re-Entering the Country, despite being an illegal alien. On January 31, 2007, Judge Lamberth sentenced the defendant to 37 months of incarceration and three years of supervised release.

As the defendant understandably acknowledges, his new conviction is a violation of his earlier supervised release and the only question remaining is determining an appropriate sentence. Defendant has a prior criminal record that puts him in Category VI criminal history resulting in a guideline range of 21 to 24 months. He seeks a sentence at the lower end while the government, noting his criminal record, favors the upper end.

Perhaps more significantly, the Guidelines unequivocally indicate that, upon revocation, any new term of imprisonment imposed is to be served consecutively to any sentence the defendant is then serving. USSG § 7B1.3(f). This defendant's case shows why that is such a wise recommendation. This defendant has served the better part of the last seven years in prison but is still not convinced that, once he is deported, he is not to return to the United States. In my view, only a consecutive sentence effectuates and fulfills the societal interest in deterring him from re-entering the country after he is deported. I therefore recommend a sentence of 21 months to be served consecutive to the sentence imposed by Judge Lamberth.

  I should note that the defendant requested that he be sentenced as soon as possible so that he can be returned to the federal prison where he was housed. His counsel notes the possibility that this potential revocation proceeding was discussed during the defendant's sentencing before Judge Lamberth and reserves the right to address that issue before the Chief Judge when the defendant is sentenced.

_____/S/_____
JOHN M. FACCIOLA
Dated: December 4, 2007    UNITED STATES MAGISTRATE JUDGE

2